IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ORANGEBOY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRON POINT, INC., <br><br> and <br><br> DOES #1–5, <br><br> Defendants. | Case No. 2:20-cv-4245 <br><br> Judge James L. Graham <br><br> Magistrate Judge Kimberly A. Jolson |

## [PROPOSED] ORDER GRANTING
## TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY

Before the Court is Plaintiff OrangeBoy, Inc.'s motion for temporary restraining order and immediate, expedited discovery. Having considered the motion and supporting documentation, as well as the arguments of counsel for OrangeBoy and for Defendant Patron Point, Inc., the Court now finds that OrangeBoy's motion is well taken.

Based on the evidence before the Court, it appears substantially likely that OrangeBoy will prevail at trial on its claims and that injunctive relief is necessary to prevent the irreparable harm that would occur if OrangeBoy's data security were breached. The Court further finds that the balance of harms favors the entry of injunctive relief here, as the risk of harm from a security breach outweigh the minimal harm that could be caused by barring Patron Point from trying to gain unauthorized access to, or nonpublic information about, OrangeBoy's computer systems. Finally, the public interest weighs in favor of an injunction, as the third parties whose information is stored in OrangeBoy's servers have a strong interest in the continued protection of those servers.

The Court finds that no security shall be required for this injunction, because there is no evidence that Patron Point will suffer any legally cognizable harm from this injunction.

Further, this Court finds good cause to authorize immediate and expedited discovery in this matter, both to allow the parties to prepare for the preliminary injunction hearing and to ensure that probative information held by third parties is not inadvertently destroyed before the parties can seek it in the ordinary course of litigation.

For those reasons, Plaintiff OrangeBoy's motion is **GRANTED**, and it is **ORDERED** as follows:

1. Defendant Patron Point, Inc., as well as its agents, servants, employees, and all persons acting under, in concert, or for them, is hereby ordered:

    a. to refrain from seeking access to OrangeBoy's Savannah software platform or any data stored in that platform;

    b. to refrain from causing OrangeBoy or anyone associated with OrangeBoy to receive emails or electronic messages that they have not expressly stated their willingness to receive; and

    c. to refrain from providing false information about its identity or institutional affiliation in an effort to gain non-public information about OrangeBoy's business, products, or services.

    This portion of the Order shall remain in full force and effect unless and until dissolved or modified on further order of the Court following consideration of Plaintiff's motion for preliminary injunction.

2. This matter is hereby set for hearing on Plaintiff's motion for preliminary injunction on _____, at _____. Any opposition to Plaintiff's motion must be filed by no later than _____.

3. The Parties are hereby authorized to immediately begin seeking discovery from each other and from non-parties. Unless otherwise agreed by the parties or ordered by this Court, responses to all party discovery shall be served no later than 10 days after service of the discovery.

**IT IS SO ORDERED.**

Dated: August \_\_\_, 2020

_____
United States District Judge